UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JON WINIARZ, | ) | CASE NO.  CV 10-08942 VBF (RZ) |
| Petitioner, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | ACTION WITHOUT PREJUDICE |
| M. CATES, | ) | |
| Respondent. | ) | |

The Court will dismiss the action summarily because of two facts that are apparent from the face of the petition.  First, Petitioner's claims have not been exhausted in the California Supreme Court, as is required for habeas relief.  Second, Petitioner already had a state trial-court habeas challenge pending when he filed this action.

## I.

## INTRODUCTION

Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Here, the petition is unexhausted in two senses, as explained below.

## II.

## APPLICABLE EXHAUSTION LAW

### A.    The General Rule Requiring Pre-Filing Exhaustion Of Claims

As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Indeed, Congress has instructed that a habeas petition brought by a person in state custody cannot be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under some circumstances, an unexhausted petition may be *denied* on the merits. 28 U.S.C. § 2254(b)(2). However, in the usual case, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997).

### B.    The *Sherwood* Doctrine Barring Parallel Proceedings

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . ."). A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted. *See Sherwood*, 716 F.2d at 634. Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal

of the conviction for some other reason, thereby rendering the federal petition moot. *Id.* (citations omitted).

A petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because  –

> [t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals.  Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord*, *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

## III.

## DISCUSSION

Petitioner Jon Winiarz challenges the revocation of his parole following his arrest on drug charges in July 2010.  But he plainly has rushed into this Court without first seeking and obtaining a ruling on such a challenge in the California Supreme Court, as he concedes in the form Petition.  *See* Pet. ¶ 18.  (The Court also takes judicial notice that a search of http://appellatecases.courtinfo.ca.gov/ reveals that no litigant with the surname Winiarz has ever been a party to a case in the California Supreme Court.)  Hence the first basis for dismissing this action: it plainly is unexhausted in the usual sense of that term.

Second, it is unexhausted in the *Sherwood* sense, for Petitioner's attachments include a copy of his habeas petition in the Ventura County Superior Court, signed on

November 6, 2010.  It is possible that Petitioner will obtain relief in that court, and the *Sherwood* doctrine barring parallel proceedings requires this Court to respect that possibility and to dismiss this action for now.

Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED:  12-1-10

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented By:

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE